February 6, 2020

*The Court adopts the recommendation and approves the parties' settlement. So ordered.*

s/ RJD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARVIN SANTIAGO, LINO ORELLANA,
JASON RODRIGUEZ and SANDRA
DELGADO,

                                                    Plaintiffs,

- against -

CHURCH AVENUE EXPRESS INC., *doing business as Church Avenue Car Service*,
CHURCH AVENUE CAR SERVICE INC., *doing business as Church Avenue Car Service*,
CARLOS BENTANCOURTH and PAOLO BENTANCOURTH,

                                                    Defendants.
-------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**18 CV 1594 (RJD) (LB)**

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   FEB 07 2020   ★

BROOKLYN OFFICE

**BLOOM, United States Magistrate Judge:**

Plaintiffs Marvin Santiago, Lino Orellana, Jason Rodriguez, and Sandra Delgado ("plaintiffs") bring this action against defendants Church Avenue Express Inc., Church Avenue Car Service Inc., Carlos Bentancourth, and Paolo Bentancourth ("defendants") alleging that defendants violated their rights under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by requiring plaintiffs to work more than forty hours per week without paying adequate overtime, denying them minimum hourly wage as well as appropriate wage notices and wage statements while they were employed as dispatchers for defendants. ECF No. 1 at ¶¶ 1–11, Complaint ("Compl."). Plaintiff's counsel filed the parties' motion for settlement approval on June 19, 2019. ECF No. 25, Motion for Settlement Approval ("Mot. Settl."). The parties' motion for settlement approval was referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) on December 5, 2019. For the reasons stated below, it is respectfully recommended that the parties' motion for settlement approval should be granted.

RD 2/7/20

1

## BACKGROUND

Plaintiffs allege that they were employed by defendants and worked in excess of (40) forty hours per week "without minimum wage and overtime compensation for the hours that they have worked." Compl. ¶ 6. Plaintiff Marvin Santiago alleges that he worked as a dispatcher from approximately November 2015 to on or about September 18, 2017. Id. at ¶¶ 35–36. From November 2015 to November 2016, plaintiff Santiago was paid in cash at $10 per hour for regular and overtime hours. Id. at ¶¶ 41–43. From November 2016 to June 2017, plaintiff Santiago alleges he was paid $12.50 per hour for regular and overtime hours, and from July 2017 to September 18, 2017, Santiago alleges he was paid $15.50 per hour for regular and overtime hours. Id. at ¶¶ 44–45.

Plaintiff Lino Orellana was employed as a dispatcher by defendants from approximately February 2015 to August 2017. Compl. ¶¶ 53–54. Plaintiff was paid in a combination of checks and cash. Id. at ¶ 63. From February 2015 to February 2016, Orellana  was paid a fixed salary of $120 per shift, and from February 2016 to August 2017, $125 per shift. Id. at  ¶¶ 64–66.

Plaintiff Jason Rodriguez worked as a dispatcher for defendants from April 2014 to June 2016. Id. at ¶ 74. Plaintiff Rodriguez was paid in cash, and from approximately April 2014 to July 2014, he was paid $110 per shift, and from July 2014 to June 2016, $100 per shift. Id. at ¶¶ 81–83. Plaintiff Rodriguez logged his hours through a system defendants provided. Id. at ¶ 87.

Plaintiff Sandra Delgado has been employed as a dispatcher from approximately April 2016 to present. From approximately January 17, 2018 to the date the complaint was filed, plaintiff Delgado was paid $13 per hour for regular and overtime hours. Id. at ¶¶ 101–103.

2

Plaintiffs allege that they worked in excess of (40) forty hours per week without breaks or meal periods, and that defendants failed to provide wage notices and wage statements. Id. at ¶¶ 52, 72, 73, 91, 109, 110.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on March 14, 2018, ECF No. 1, and defendants answered plaintiffs' complaint on July 30, 2018. ECF No. 13. The Court held an initial conference on September 13, 2018 and referred this matter to Court annexed mediation. On January 16, 2019, the parties advised the Court that the case did not settle. The Court held a telephone conference on February 13, 2019 and directed the parties to contact the mediator and redouble their efforts to resolve this case. On February 22, 2019, the parties advised the Court that the case had settled. ECF No. 18. The parties now move for settlement approval. ECF No. 25.[1]

## DISCUSSION

### I. Standard for Approving FLSA Settlements

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nat'l Merchant Servs., Inc., No. 14 CV 311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an

---

[1] After several extensions of time to file the motion for settlement approval, on May 28, 2019, defendants wrote to the Court requesting a pre-motion conference to enforce the settlement agreement. ECF No. 28. That motion was referred to me on May 29, 2019. The parties have since resolved their dispute and the instant motion for settlement approval was filed on June 19, 2019.

FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal citation omitted).

## II.    Settlement Agreement

The instant motion for settlement approval includes the parties' proposed settlement agreement. See ECF No. 25-1, "Agreement." The Agreement provides that plaintiffs shall release defendants from any claims "which each plaintiff at any time has, had, claims, or claimed to have against defendants, limited to the claims set forth in plaintiffs' operative complaint" regarding their employment arising under the FLSA and the NYLL, among other laws and regulations, and shall seek dismissal of the instant case with prejudice in exchange for $60,000.00 upon approval by the Court. Agreement at 2. Of the total $60,000.00 settlement, plaintiffs shall be paid $42,144.00, and plaintiffs' counsel shall be paid $17,856.00 in attorney's fees and costs. Mot. Settl. at 2. Plaintiffs' settlement shall be paid in 12 monthly installments. Plaintiff Marvin Santiago shall receive 12 monthly installments of $667.00 for a total amount of $8,004.00. Plaintiff Lino Orellana shall receive 12 monthly installments of $1,104.00 for a total amount of $13,248.00. Plaintiff Jason Rodriguez shall receive 12 monthly installments of $884.00 for a total amount of $10,608.00. Plaintiff Sandra Delgado shall receive 12 monthly installments of $857.00 for a total amount of $10,284.00.[2]

The Agreement's release is tailored to plaintiffs' claims under the FLSA and the NYLL, up until the date of plaintiffs' execution of the Agreement. Id. at 6. The Agreement does not contain a confidentiality provision or a non-disparagement clause.

---

[2] The parties have agreed that defendants shall provide a "Confession of Judgment" for the full amount of the settlement agreement, which can be enforced should defendants fail to pay the 12 monthly installments to plaintiffs. Plaintiffs shall give defendants notice and an opportunity to cure their non-payment within 10 business days of any default. Agreement at 5–6.

4

## A. Reasonableness

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2–3 (E.D.N.Y. Jan. 25, 2018) (addressing the Wolinsky factors). Furthermore, in light of Cheeks, courts in this Circuit have repeatedly rejected highly restrictive confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15 Civ. 327, 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015).

Under the settlement agreement, defendants shall pay plaintiffs $60,000.00 in 12 monthly installments. Of the $60,000.00, plaintiffs shall recover $42,144.00. Plaintiffs' recovery percentage is reasonable. See Agreement at 2–5; see also Ceesae v. TT's Car Wash Corp., No. 17 CV 291, 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), adopted by, 2018 WL 741396, (net settlement of 50% of FLSA plaintiff's maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., No. 16 Civ. 344, 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Redwood v. Cassway Contracting Corp., No. 16 Civ. 3502, 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable).

The settlement provides plaintiffs with certainty regarding what they will recover from defendants and avoids the time and expense of litigation. Because the parties reached a settlement through Court-annexed mediation prior to the start of formal discovery, they avoided the burden and cost of discovery, motion practice, and trial preparation. See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

As for the last two Wollinsky factors, the parties' settlement is the product of arm's-length negotiations between counsel before an experienced FLSA mediator from the Eastern District Mediation Panel. See Vidal v. Eager Corp., No. 16 CV 979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (terms of a settlement "hammered out during mediation . . . suggests [that the terms are] the product of arm's length bargaining and that there is a reduced risk of collusion between [the parties.]").

Taking into account the parties' genuine dispute as to liability and damages in this case, I find that plaintiffs' recovery is fair and reasonable.

## B.    Release Clause

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ New York Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (internal citation omitted); see

Souza, 2015 WL 7271747, at *6 (discussing that courts typically reject overbroad releases because FLSA releases should be limited to wage-and-hour claims). Broad general releases are generally impermissible. See Cheeks, 796 F.3d at 206. A release is overbroad if it "confers an uncompensated, unevaluated, and unfair benefit on the employer[.]" Lopez, 96 F. Supp. 3d at 181 (internal citation omitted).

Under the instant agreement, plaintiffs agree to release defendants from liability for any claims they may have under the FLSA and NYLL up until the date of the Agreement. Agreement at 6–7. Specifically, plaintiffs agree to release defendants from any claims "which each plaintiff at any time has, had, claims, or claimed to have against defendants, limited to the claims set forth in plaintiffs' operative complaint" regarding their employment arising under the FLSA and the NYLL, among other laws and regulations. The release contained in the FLSA Agreement is tailored to the instant litigation and should be approved as fair and reasonable. See Yunda v. SAFI-G, Inc., No. 15 Civ. 8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (collecting cases in which the court granted settlement approval containing releases that are tailored to the claims brought in the original complaint).

## C. Attorney's Fees

The Court evaluates the reasonableness of the attorney's fees under 29 U.S.C. § 216(b) and NYLL § 663(1) to ensure that the simultaneous negotiation of plaintiffs' attorney's fees and settlement does not create a conflict between counsel's interest in fees and plaintiffs' interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336. Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08 CV 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010), the

7

Court "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Wolinksy, 900 F. Supp. 2d at 336. To assess the reasonableness of the proposed attorney's fees, a court reviews contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)); see also Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667, 2015 WL 5122530, *2 (S.D.N.Y. Aug. 31, 2015). A court may adjust the fee upward or downward from the lodestar amount based on other considerations. Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Plaintiffs' counsel submits his contemporaneous time records and seeks $17,856.00 (or 30%) of the total settlement award as attorney's fees and costs. In support of his fee award, plaintiffs' counsel states that the attorney fee award "represents less than one third of the recovery in this litigation, a reduction in attorney's lodestar, as well as a reduction in fees from what is identified in plaintiffs' retainer agreement[.]" Mot. Settl. at 3; Lopez, 96 F. Supp. 3d at 181 (S.D.N.Y. 2015) ("[A] proper fee request 'entails submitting contemporaneous billing records, documenting, for each attorney, the date, the hours expended, and the nature of the work done.'") (quoting Wolinsky, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

As Courts in this district generally find 33% of the overall settlement, mirroring the one-third contingency fee arrangement to be reasonable, Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012), I find that plaintiffs' counsel's fee award of $17,856.00 in this action is fair and reasonable. "[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)

("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez v. K Bread Co. Inc., No. 15 CV 6848, 2017 WL 2266874, at *7 (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award). Thus, I respectfully recommend that plaintiffs' request for attorney's fees and costs should be approved. [3]

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court should grant the parties' instant motion for settlement approval.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 22, 2020
      Brooklyn, New York

---

[3] Plaintiffs' request for attorney's fees is inclusive of costs.